[No. 10298.   Department One.   July 29, 1912.]

Alma M. Rots *et al.*, *Appellants*, v. J. H. Monoghan *et al.*, *Respondents.*[1]

Appeal—Review—Evidence—Sufficiency.   A verdict will not be disturbed when still sustained by the preponderance of the evidence after appellant's propositions of law are resolved in his favor.

Appeal from a judgment of the superior court for King county, Myers, J., entered September 15, 1911, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action for damages.   Affirmed.

*Vince H. Faben*, for appellants.

*John B. Van Dyke* and *Josiah Thomas*, for respondents.

Chadwick, J.—This action was begun against the defendants to recover damages to a certain building held by them under a lease from plaintiffs, and for the loss of a part of a certain lot of furniture stored in the building, and for damages to the remainder thereof.   It is alleged that the furniture was stored in a reserved part of the building, and that defendants "broke and entered . . . and destroyed and injured" it.   The answer was in the main a general denial.   A further defense that defendants ceased to be tenants after the first year and surrendered the term, and that the property was held thereafter by a corporation under a tenancy from month to month by and with the consent of plaintiffs' agent, was interposed.   It was also alleged the building was out of repair at the time defendants took possession, that certain alterations were made necessary on account of the character of their business, and that they were made at defendants' expense after plaintiffs had consented thereto.   There is testimony tending to show that the building was in as good con-

[1]Reported in 125 Pac. 158.

dition when defendants and their alleged successor moved out as it was when they took possession. Also that the furniture and household goods were in the building at the time. There was no direct evidence tending to show that defendants had personally appropriated any of the personal property. The case was tried before the court without a jury, and a judgment entered in favor of defendants.

Several questions—the authority of plaintiffs' agent, defendants' surrender of the lease, and the admission of improper evidence—are discussed at some length in the briefs. But a careful reading of the record convinces us that, although the propositions of law which are advanced by appellants be resolved in their favor, there is still evidence to sustain the findings and judgment of the trial court. Therefore, treating the defendants as tenants for the full term, we hold with the trial judge that appellants failed to prove by a preponderance of the evidence that respondents are legally liable for the injury and destruction of appellants' property.

Finding no error, the judgment is affirmed.

GOSE, PARKER, CROW, and MOUNT, JJ., concur.